UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                            :

IN RE *EX PARTE* APPLICATION OF      :    **ORDER GRANTING**
CLAUDIO DENIS MAKSOUD FOR AN      :    **PETITIONER'S *EX PARTE* 28**
ORDER TO TAKE DISCOVERY PURSUANT    :    **U.S.C. § 1782(a) APPLICATION**
TO 28 U.S.C. § 1782                                 :    **TO TAKE DISCOVERY**
                                                             :
                                                             :    25 Civ. 4188 (AKH)
                                                              :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Petitioner Claudio Denis Maksoud petitions for an *ex parte* order permitting him to take discovery, pursuant to 28 U.S.C. § 1782(a), from Bank of America, Merrill Lynch, the Clearinghouse Payments Company, and the Federal Reserve Bank of New York (the "Banks"). For the reasons that follow, I grant Petitioner's application to serve subpoenas upon these Banks in connection with his litigation abroad.

         Petitioner seeks to serve subpoenas on the Banks for use in a Brazilian probate proceeding concerning his mother's estate. Specifically, Petitioner avers that his brother has concealed his mother's assets, which are directly linked to transactions conducted through the Banks using United States dollars. Petitioner wishes to use the returns of these subpoenas to make his case to the Brazilian court that his brother concealed his mother's assets overseas, which Petitioner would otherwise be entitled to a share of under the probate process.

         Pursuant to 28 U.S.C. § 1782(a), a district court may order a person or entity to provide "testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." And "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil

1

Procedure." *Id*. A district court may grant a § 1782 petition where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). If these "statutory requirements are met, a district court is free to grant discovery in its discretion." *Metallgesellschaft v. Hodapp*, 121 F.3d 77, 78 (2d Cir. 1997).

To aid trial courts in exercising their discretion to this end, the Supreme Court has enumerated four "factors that bear consideration in ruling on a § 1782(a) request:" (i) "whether the person from whom discovery is sought is a participant in the foreign proceeding;" (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U. S. federal-court judicial assistance;" (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (iv) whether the § 1782(a) application is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

Here, the strictures of § 1782(a) have been satisfied. Petitioner has averred that all the Banks are headquartered in this District, which also houses their principal places of business. Petitioner has also established that the discovery requested is for use in a foreign proceeding before a Brazilian court. And, as a litigant with a direct and substantial financial interest at stake in the Brazilian probate proceeding, Petitioner undoubtedly constitutes an "interested person" under the statute. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782"). Moreover, the *Intel* factors militate in favor of granting Petitioner's application since the Banks are not parties to the Brazilian probate proceeding, thereby inhibiting the Brazilian court

from compelling the Banks to produce documents, *see Gorsoan Ltd. v. Bullock*, 652 F. App'x 7, 9 (2d Cir. 2016); Petitioner avers that the Brazilian court would be receptive to discovery from the Banks; there is no indication that Petitioner's application is an attempt to circumvent foreign proof-gathering restrictions or other laws; and the requested discovery is properly tailored and not unduly burdensome to the Banks.

Accordingly, I grant Petitioner's § 1782 application in its entirety, *ex parte*, without prejudice to the Banks' rights to move to vacate this Order, or quash the subpoenas issued thereunder. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012).

The Clerk is respectfully directed to close this case.

SO ORDERED.

Dated:    June 10, 2025          _____/s/ Alvin K. Hellerstein_____
          New York, New York          ALVIN K. HELLERSTEIN
                                      United States District Judge